# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

WILLIAM E. IRVING,          )
                                      )

        Plaintiff,         )
                                      )

    v.                   )        No. 1:18-CV-47 JMB
                                      )

UNKNOWN WELLS, et al.,     )
                                      )

        Defendants.      )

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.70, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Furthermore, after reviewing the amended complaint, the Court will partially dismiss the amended complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the amended complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

### The Complaint

Plaintiff, an inmate at Southeast Correctional Center ("SECC"), brings this action under 42 U.S.C. § 1983 alleging violations of his First, Eighth, and Fourteenth Amendment rights. Named as defendants are: Ms. Unknown Wells (Correctional Officer, SECC); Lorene Armstrong (Functional Unit Manager ("FUM"), SECC); Jason Lewis (Superintendent, SECC); Travis Wilhite (Shift Captain, SECC); Timothy Hartness (Associate Constituent Service Office, Missouri Department of Corrections ("MODOC"));Alex Clinton (Shift Captain, SECC); Travis Seabaugh (FUM, SECC); Paula Reed (Assistant Warden, SECC); Becky Neal (Caseworker, SECC); Joshua Carter (Caseworker, SECC); and Anne Precythe (Director, MODOC).

Plaintiff alleges that starting in January and early February 2018, he lodged several written and verbal complaints to defendants Seabaugh and Neal, Clinton, Reed, and Lewis related to defendant Correctional Officer Ms. Wells. Plaintiff alleges Ms. Wells "circumvents" with prisoners and gang members who are making threats against plaintiff's life. On February 5, 2018, plaintiff declared protective custody because of threats, harassments and retaliation from Ms. Wells and unnamed guards related to these complaints.

On February 9, 2018, plaintiff had a protective custody hearing headed by defendant Armstrong and James Watson. Plaintiff states defendant Armstrong accused plaintiff of lying to transfer cells, and recommended issuing plaintiff a conduct violation. Defendant Armstrong also

recommended plaintiff be released from protective custody to the general population, and this recommendation was approved.

On February 15, 2018, plaintiff alleges he was approached by his former cellmate and unknown prisoners who were carrying weapons. These prisoners said Ms. Wells had told them that plaintiff had "ratted on them about K-2 drugs," causing their cells were to be searched for contraband. Plaintiff alleges these prisoners were extorting Ms. Wells and having her lure plaintiff to the handball court to be stabbed. Later that night, plaintiff was approached by a group of prisoners with weapons and threated that he would be stabbed if he did not move housing units. At this point, plaintiff declared protective custody. Plaintiff was placed in a dry cell, then moved to a single cell in a different housing unit.

On February 17 and 23, 2018, plaintiff alleges defendants Wilhite and Clinton attempted to move him to Housing Unit #2 to be assaulted. Plaintiff stated he needed to be in protective custody and a one-man cell. He was issued two conduct violations for declaring safety.

On March 16, 2018, plaintiff had another protective custody hearing in front of defendants Armstrong and Carter. These defendants denied plaintiff protective custody. Plaintiff states: "Steadily defendants are refusing to place me in for a much needed transfer for 'true safety;' trying to send me to SECC's [Protective Custody] Housing Unit #2 B-Wing where unknown enemies and unknown staff enemies can easily gain access."

For relief, plaintiff seeks an injunction and damages in the amount of $600.00 per defendant.

## Discussion

To state a failure-to-protect claim, a plaintiff is required to allege that defendants were aware of facts from which they could infer the existence of a substantial risk of serious harm to

him, they actually drew the inference, and they failed to take reasonable steps to protect him. *See Farmer v. Brennan*, 511 U.S. 825, 836-38, 844 (1994). Assault by a fellow inmate constitutes "serious harm." *Jensen v. Clarke*, 94 F.3d 1191, 1198 (8th Cir. 1996). Although verbal threats are normally insufficient to violate the Constitution, the Eighth Circuit has concluded that death threats, "when viewed in the light of their retaliatory nature, their objectively credible basis, and their fear-inducing result" may form the basis of an injury sufficiently serious to implicate the Eighth Amendment. *See Irving v. Dormire*, 519 F.3d 441, 448-49 (8th Cir. 2008).

Here, plaintiff alleges defendants Wells, Wilhite, and Clinton are conspiring with other inmates in various attempts to facilitate an attack on plaintiff. Plaintiff alleges defendant Wells spreads stories among the inmate population that plaintiff is "ratting on them," and is to blame for cell searches for contraband. He alleges defendant Wells was working together with various inmates in an attempt to lure plaintiff onto a handball court, where an attack would take place. Likewise, plaintiff alleges defendants Wilhite and Clinton and an unnamed bed broker attempted to have plaintiff moved to Housing Unit #2 to be assaulted. Plaintiff states he has been approached twice by groups of inmates with knives threatening his life and causing him to declare protective custody. Additionally, plaintiff alleges defendant Armstrong falsified plaintiff's statement at his protective custody hearing, and approved his release to the general population where he faced threat of attack. Liberally construed, the Court finds plaintiff's complaint survives initial review as to defendants Wells, Wilhite, Clinton, and Armstrong.

As to the remaining defendants, however, the Court finds plaintiff has failed to state a plausible claim under § 1983. "In a claim under § 1983, there must be evidence of a causal connection between the misconduct complained of and the official sued." *Mahn v. Jefferson*

*Cty., Mo.*, 2018 WL 2727336, *5 (8th Cir. Jun. 7, 2018) (quoting *Naucke v. City of Park Hills*, 284 F.3d 923, 929 (8th Cir. 2002)); *see also Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Here, plaintiff has not set forth any facts indicating that defendants Lewis, Hartness, Seabaugh, Neal, Carter, Reed, or Precythe were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants, and they will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 7]

**IT IS FURTHER ORDERED** that plaintiff's pro se motion for directive "order" to provide inmate account statement is **DENIED** as moot. [ECF No. 8]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.70 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint as to defendants [Unknown] Wells, Lorene Armstrong, Travis Wilhite, and Alex Clinton.

**IT IS FURTHER ORDERED** that defendants Unknown Wells, Lorene Armstrong, Travis Wilhite, and Alex Clinton shall respond to plaintiff's amended complaint and his motion for temporary restraining order within the time provided by the applicable provision of Federal Rule of Civil Procedure 12(a) and the Local Rules of the United States District Court for the Eastern District of Missouri.

**IT IS FURTHER ORDERED** that the Clerk of Court shall not issue process or cause process to issue upon the complaint as to defendants Jason Lewis, Timothy Hartness, Timothy Seabaugh, Becky Neal, Joshua Carter, Anne Precythe, and Paula Reed because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 11<u>th</u> day of June, 2018.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE