# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| WILLIAM E. IRVING, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:18-CV-47 JMB |
| UNKNOWN WELLS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on pro se plaintiff William E. Irving's "motion requesting immediate and effective binding actions against defendant to halt retaliations and conspiring to harm." For the following reasons, the Court will order defendants Unknown Wells, Travis Wilhite, Alex Clinton, and Lorene Armstrong to respond to plaintiff's motion and his previously filed motion for temporary restraining order within seven days of the date of this Memorandum and Order.

## Background

On April 26, 2018, plaintiff filed an amended complaint under 42 U.S.C. § 1983, alleging violations if his First, Eighth, and Fourteenth Amendment rights by various officials at Southeast Correctional Center ("SECC"). He filed a motion for temporary restraining order on June 6, 2018.

On June 11, 2018, the Court conducted an initial review of plaintiff's amended complaint under 28 U.S.C. § 1915(e), and issued process on defendants Wells, Wilhite, Clinton, and Armstrong. Liberally construed, the Court found plaintiff had stated a plausible claim that these defendants were conspiring with inmates in various attempts to facilitate an attack on plaintiff.

The Court ordered these defendants to respond to plaintiff's amended complaint and his motion for temporary restraining order within the time provided by the applicable provision of Federal Rule 12(a) and the Local Rules of the United States District Court for the Eastern District of Missouri.

On June 19, 2018, plaintiff filed the instant motion, titled as a motion requesting immediate and effective binding actions against defendant to halt retaliations and conspiracies to harm. In his motion, plaintiff states that in retaliation for filing various inmate grievances and this lawsuit, officials at SECC are tampering with and obstructing his incoming and outgoing mail and "trashing and deliberately losing [inmate resolution requests]/grievances." He alleges also that he has an "immediate and binding need for safe housing," and has repeatedly requested to be housed in a one-man cell. He states defendants have denied these requests, and are purposefully placing him in two-man cells "to have prisoners waiting to carry out second party assaults on him." Plaintiff states defendants know of his enemies and are purposefully trying to move him near his enemies to be harmed.

Based on plaintiff's motion, it appears he has not received a copy of this Court's Memorandum and Order and Order of Partial Dismissal dated June 11, 2018, in which the Court issued process on defendants Wells, Wilhite, Clinton, and Armstrong and ordered these defendants to respond to plaintiff's amended complaint and temporary restraining order.

## Discussion

Defendants' response to plaintiff's amended complaint is not due until August 10, 2018. Plaintiff submitted his motion for temporary restraining order to the Court without awaiting initial review of his amended complaint under 28 U.S.C. § 1915(e) and without adequately giving notice to defendants. Under Federal Rule of Civil Procedure 65(b)(1):

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorneys only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and
>
> (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required.

It does not clearly appear from specific facts shown by plaintiff's affidavit or amended complaint that immediate and irreparable injury, loss, or damage will result to plaintiff before the adverse parties or their attorneys can be heard in opposition. The allegations in plaintiff's complaint occurred in January and February, 2018 and he has been placed in protective custody twice and afforded two protective custody hearings. The last specific actions plaintiff complains of occurred on February 15, 2018. Moreover, plaintiff has not certified in writing the reasons why notice should not be required. As a result, the Court did not grant plaintiff's *ex parte* motion for temporary restraining order, but ordered defendants to respond to the motion. After review of plaintiff's "motion requesting immediate and effective actions against defendant to halt retaliations and conspiring to harm," the Court will order defendants to respond to this motion and the motion for temporary restraining order within seven days of the date of this Memorandum and Order.

Because it appears plaintiff is not receiving his mail from this Court, the Court will order the Clerk of Court to resend the Memorandum and Order and the Order of Partial Dismissal dated June 11, 2018 (ECF Nos. 12 and 13) and a copy of this Memorandum and Order to plaintiff. The Clerk shall also resend copies of these documents, along with a copy of this Memorandum and Order to the Office of Missouri Attorney General, Litigation Division, Post Office Box 899, Jefferson City, Missouri 65102. The Attorney General shall respond to

plaintiff's motion for temporary restraining order and "motion requesting immediate and effective binding actions against defendant to halt retaliations and conspiring to harm" within seven days of the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall resend to plaintiff copies of the Court's Memorandum and Order and Order of Partial Dismissal dated June 11, 2018 (ECF Nos. 12 and 13) along with a copy of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall resend copies of the Court's Memorandum and Order and Order of Partial Dismissal dated June 11, 2018 (ECF Nos. 12 and 13) and a copy of this Memorandum and Order to Office of Missouri Attorney General, Litigation Division, Post Office Box 899, Jefferson City, Missouri 65102.

**IT IS FURTHER ORDERED** that the Attorney General shall respond on behalf of defendants Wells, Wilhite, Clinton, and Armstrong to plaintiff's motion for temporary restraining order and "motion requesting immediate and effective binding actions against defendant to halt retaliations and conspiring to harm" within seven (7) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if defendants to not file responses to plaintiff's motions as directed, the Court will issue orders on plaintiff's motions without the benefit of any response from defendants.

Dated this 25th day of June, 2018.

                                                _____
                                                STEPHEN N. LIMBAUGH, JR.
                                                UNITED STATES DISTRICT JUDGE