# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| WILLIAM E. IRVING, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:18-CV-47 JMB |
| UNKNOWN WELLS, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the following motions of pro se plaintiff William E. Irving, an inmate at Southeast Correctional Center ("SECC"): (1) motion for temporary restraining order; (2) motion requesting immediate and effective binding actions against defendant to halt retaliations and conspiring harm; (3) motion to appoint counsel; (4) motion to supplement motion for temporary restraining order and notice of hunger strike; and (5) motion for extension of time to pay filing fee. For the following reasons, the Court will deny plaintiff's motions (1) through (4), but will grant motion (5) and allow plaintiff additional time to pay his initial partial filing fee.

*Background*

In his motion for a temporary restraining order, plaintiff seeks an order of the Court requiring defendants "to provide safe conditions; a cease to retaliations and unimpartial tribunes, processing of grievance complaints; and placement in for, and approval of transfer to another prison for safety." Similarly, in plaintiff's motion requesting immediate and binding actions against defendants, plaintiff asks to be kept in a one-man cell until he is transferred out of SECC. "Plaintiff asks the Honorable Court to issue a binding directive to defendant to 1) house, and

continue to house plaintiff in a one-man cell in Housing Unit 1 for safety (until transferred from SECC); [and] 2) cease all retaliations."

In response to plaintiff's motions, defendant Lorene Armstrong, Functional Unit Manager at SECC, filed an affidavit with supporting documentation. Ms. Armstrong states that in response to plaintiff's request and to help ensure his protection from perceived threats of violence, "a request has been made that Offender Irving be approved for the transfer out of SECC and to another MDOC correctional center." In the meantime, he has been placed in a restrictive housing unit, a single-man cell, at SECC. The recommendation for transfer is awaiting approval by SECC's Assistant Warden and Deputy Warden. Until this time, plaintiff will continue to be housed in a single-man cell. Ms. Armstrong attached to her affidavit all of the documentation regarding plaintiff's classification hearings and cell assignments at SECC.

On July 26, 2018, plaintiff filed a motion to supplement his temporary restraining order and "notification of hunger strike requesting immediate actions." In this motion, plaintiff states that he wants an immediate transfer out of SECC. He states his legal mail is being misdirected to other inmates. Also he states he is subjected to "2nd and 3rd party retaliations" as guards are kicking his door, turning lights on, and obstructing his receipt of incoming mail. Plaintiff also states that on July 20, 2018, he found a piece of glass in his mashed potatoes on his dinner tray.

*Discussion*

A Court issues injunctive relief in a lawsuit to preserve the status quo and prevent irreparable harm until the Court has the opportunity to rule on the lawsuit's merits. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). In determining whether to issue a temporary restraining order, the Court must consider four factors: (1) the threat of irreparable harm to the movant; (2) the potential harm to the nonmoving party should an injunction issue; (3) the

likelihood of success on the merits; and (4) the public interest. *See Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). The burden of proving these prerequisites is entirely on the party seeking injunctive relief. *See Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.*, 871 F.2d 734, 737 (8th Cir. 1989) (en banc); *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987).

"The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Dataphase*, 640 F.2d at 113. The Court is mindful of the Eighth Circuit's admonition that "in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d at 1214). "It is therefore all the more important that federal courts abstain from imposing strict standards of conduct, in the form of injunctions, on prison officials in the absence of a concrete showing of a valid claim and constitutionally mandated directives for relief." *Rogers*, 676 F.2d at 1214.

Having carefully reviewed the record, the Court will deny plaintiff's motion for temporary restraining order and motion requesting immediate and effective binding actions against defendants. Based on the affidavit of Ms. Armstrong, and the supporting documentation, Mr. Irving is in a restrictive housing unit and in a one-man cell. Plaintiff is seeking to be transferred to a different facility, and he has been recommended for transfer. *See* Armstrong

Aff., Ex. H. Transfers to another prison are within the discretion of prison officials. *See Lyon v. Farrier*, 727 F.2d 766, 768 (8th Cir. 1984). Until then, he will remain in his restrictive housing unit and in a one-man cell. Thus, the relief he requested in his motion is already being accomplished in the usual course at SECC. The balance of equities does not favor court intervention to preserve the status quo until the merits of plaintiff's case are decided. The Court cannot find a presently existing actual threat of irreparable harm to plaintiff that would warrant the issuance of a temporary restraining order.

Additionally, a party moving for a temporary restraining order must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. *See Devose*, 42 F.3d at 471. Plaintiff's recent allegations concerning mail tampering were not raised in his complaint. Plaintiff's new assertions cannot provide the basis for a preliminary injunction in this lawsuit, because the necessary relationship between the injury claimed in his motion and the conduct asserted in his complaint is lacking.

Finally, plaintiff has moved for appointment of counsel. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved in plaintiff's case are not so complicated that the appointment of counsel is warranted at this time. The Court will deny plaintiff's motion to appoint counsel without prejudice to refiling as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for temporary restraining order is **DENIED**. [ECF No. 9]

**IT IS FURTHER ORDERED** that plaintiff's pro se motion requesting immediate and effective binding actions against defendant to halt retaliations and conspiring harm is **DENIED**. [ECF No. 15]

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**. [ECF No. 23]

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement his motion for temporary restraining order and notice of hunger strike is **DENIED.** [ECF No. 27]

**IT IS FURTHER ORDERED** that plaintiff's motion for an extension of time to pay the filing fee is **GRANTED**. [ECF No. 28] Plaintiff shall have until **August 30, 2018** to pay his initial partial filing fee.

Dated this 27th day of July, 2018.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE