UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| WILLIAM E. IRVING, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:18 CV 47 (JMB) |
| DANIELLE WELLS, et al., | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motion for summary judgment. Plaintiff, who proceeds *pro se*, has filed a motion for continuance pursuant to Rule 56(f), Fed.R.Civ.P. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

The events giving rise to this dispute occurred in January and February 2018 while plaintiff was an inmate at the Southeast Correctional Center (SECC). He alleges that defendant Correctional Officer Danielle Wells conspired with prisoners and gang members who threatened plaintiff's life. Plaintiff also alleges that defendant Functional Unit Manager Lorene Armstrong recommended against plaintiff's request for protective custody and that defendants Shift Captains Travis Wilhite and Alex Clinton attempted to move him to a housing unit where he would be assaulted. Plaintiff filed suit pursuant to 42 U.S.C. § 1983, seeking declaratory and injunctive relief and $300 in compensatory damages and $300 in punitive damages from each defendant.[1] Defendants move for summary judgment, arguing that plaintiff suffered no physical injury and

---

[1] Plaintiff's claims against seven other defendants were dismissed following review under 28 U.S.C. § 1915(e). [Doc. # 12].

thus is not entitled to damages. They further argue that his claim for injunctive relief became moot when he was transferred to SCCC and that his request for declaratory judgment should be denied.

I.      **Background**

Plaintiff alleges that in January and early February 2018, he submitted complaints "in relation to" defendant Wells and gang members in Housing Unit 5 who were threatening him. Amended Complaint § VI(a) [Doc. # 6]. On February 5, 2018, he was again threatened and "declared protective custody. Id. § VI(b); Lorene Armstrong Affidavit ¶ 6(a) [Doc. # 51-12]. On February 8, 2018, plaintiff appeared for an initial classification hearing, chaired by defendant Armstrong. Classification Hearing Form dated Feb. 8, 2018 [Doc. # 51-4]. According to the hearing form, which he signed, plaintiff stated that he did not need protective custody but needed to move from Housing Unit 5 before he got into a fight over "a game [his] celly was trying to run with an Officer." Armstrong Aff. ¶ 6(b). Plaintiff also signed a waiver form, stating that he did not believe he needed protective custody, was not aware of any enemies among the inmates, and did not believe he was in danger. The form was witnessed by defendant Armstrong. Protective Custody Needs Assess/Waiver Form dated Feb. 9, 2018 [Doc. # 51-3].

Plaintiff testified at deposition that he was released to the general population on February 15, 2018. Plaintiff Deposition at 58 [Doc. # 51-1]. That same day, he had several encounters with groups of prisoners who threatened him. Amended Complaint §§ VI(e)-(h). In his first encounter, he was told that defendant Wells said that plaintiff had "ratted on them" and caused their cells to be searched. Plaintiff's Dep. at 20. Later in the day, he was threatened with stabbing unless he transferred out of the housing unit. He declared protective custody and was moved to Temporary Administrative Segregation. Id. at 22. On February 21, 2018, plaintiff was assigned to administrative segregation, where he was placed in a single-man cell. Classification Hearing Form

dated Feb. 21, 2018 [Doc. # 51-5]; Armstrong Aff. ¶ 6(c); Plaintiff's Dep. at 74. His protective custody status was continued on March 16, 2018, April 11, 2018, May 9, 2018, and June 6, 2018. Classification Hearing Forms [Docs. ## 51-6 through 51-9]. At the hearing on June 6, 2018, SECC staff recommended that plaintiff be transferred to another facility due to the presence of "unwaived enemies" at SECC. Classification Hearing Form dated June 6, 2018. He remained on protective custody status until he was transferred to South Central Correctional Center on October 2, 2018. Plaintiff's Dep. at 23. He was never assaulted or physically injured while at SECC. Id. at 43.

## II.     Legal Standard

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under Rule 56, a party moving for summary judgment bears the burden of demonstrating that no genuine issue exists as to any material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Once the moving party discharges this burden, the non-moving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Anderson, 477 U.S. at 247. The non-moving party may not rest upon mere allegations or denials in the pleadings. Id. at 256. "Factual disputes that are irrelevant or unnecessary" will not preclude summary judgment. Id. at 248. The Court must construe all facts and evidence in the light most favorable to the non-movant, must refrain from making credibility determinations and weighing the evidence, and must draw all legitimate inferences in favor of the non-movant. Id. at 255.

Plaintiff here did not file a response to defendants' motion for summary judgment and statement of uncontroverted material facts. In this district, the movant's facts are deemed admitted if not specifically controverted by the party opposing the motion. E.D. Mo. L.R. 4.01(E). Nonetheless, where a plaintiff fails to respond to a motion for summary judgment, the Court should not treat this nonresponse as sufficient to dispose of the motion. Roland v. Wallace, No. 1:14CV166 ACL, 2017 WL 1196426, at *2 (E.D. Mo. Mar. 31, 2017) (citing Lowry v. Powerscreen USB, Inc., 72 F. Supp. 2d 1061, 1064 (E.D. Mo. 1999)). "Courts should proceed to examine those portions of the record properly before them and decide for themselves whether the motion is well taken." Id. "In so ruling, even on an unopposed motion for summary judgment, the court should review the facts in a light most favorable to the party who would be opposing the motion." Id.

### III. Discussion

#### A. Plaintiff's Rule 56(f) Motion

Defendants filed their motion for summary judgment on May 3, 2019. Plaintiff filed several motions to compel defendants to provide him with access to his legal documents that he contended he needed in order to prepare his response. Counsel for defendants informed the Court that plaintiff had been provided the opportunity to review his documents and, on July 8, 2019, plaintiff's motions were denied as moot. Plaintiff was thereafter given several extensions of time to file his response to defendants' summary judgment motion. Finally, on September 30, 2019, the Court gave plaintiff one final extension of time until November 1, 2019.

On December 2, 2019, plaintiff filed a motion for continuance pursuant to Rule 56(f), in which he asserts that he is unable to respond to defendants' summary judgment motion without further discovery, specifically "I.R.R,/Grievance complaints," "misconduct reports against

4

defendants," and "assaultive histories of" other inmates who issued threats to him. Plaintiff signed the motion under penalty of perjury on November 25, 2019.

Under Fed. R. Civ. P. 56(d), (formerly Rule 56(f)), a party opposing summary judgment may seek additional discovery by "show[ing] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). In order to obtain additional discovery under Rule 56(d), the nonmovant must file an affidavit explaining "(1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." Davis v. Anthony, Inc., 886 F.3d 674, 679 (8th Cir. 2018). "It is not enough to present a list of facts sought to be discovered. The nonmovant must 'articulate how those facts [a]re relevant to rebut the movant's showing of the absence of a genuine issue of fact.'" In re Mirapex Prod. Liab. Litig., 912 F.3d 1129, 1135 (8th Cir. 2019) (quoting Ray v. American Airlines, Inc., 609 F.3d 917, 923 (8th Cir. 2010)).

Plaintiff fails to satisfy the second requirement. As is discussed below, defendants seek summary judgment based on plaintiff's failure to show that he sustained an injury, as required to obtain compensatory damages under the Prison Litigation Reform Act (PLRA). Plaintiff fails to address in his Rule 56(d) motion how the discovery he requests is reasonably expected to raise a genuine issue of material fact with respect to this central issue and will be denied.[2] To the extent that plaintiff's motion addresses issues arising from conditions at SCCC, such claims are beyond the scope of this lawsuit.

---

[2] The motion is also untimely in that plaintiff filed it well after the November 1, 2019, deadline for filing his opposition.

## B. Defendants' Motion for Summary Judgment

The PLRA mandates that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). "[W]e read section 1997e(e) as limiting recovery for mental or emotional injury in all federal actions brought by prisoners." McAdoo v. Martin, 899 F.3d 521, 525 (8th Cir. 2018) (alteration in original; citations omitted). In order to recover "more than nominal damages under the statute, a prisoner must allege or prove more than mental or emotional injury. We interpret the PLRA to require more than a de minimis physical injury." Id. (citations omitted). Plaintiff acknowledges that he did not sustain any injury arising from the alleged conduct and so defendants are entitled to summary judgment on any claim for compensatory damages. See Howard v. Unknown Named CEO, No. 4:19-CV-2241-JMB, 2019 WL 4722947, at *3 (E.D. Mo. Sept. 26, 2019) (dismissing complaint seeking damages only for mental or emotional suffering).

Plaintiff also seeks punitive damages and declaratory and injunctive relief, which are not barred by the PLRA. Royal v. Kautzky, 375 F.3d 720, 723 (8th Cir. 2004). A factfinder may assess punitive damages in a § 1983 action when a "defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Id. (quoting Smith v. Wade, 461 U.S. 30, 56 (1983)). Plaintiff has failed to present any evidence that would support a claim of evil motive or intent and his request for punitive damages will be denied. Furthermore, plaintiff's request for an injunction and order to transfer became moot on October 2, 2018, when he was transferred to SCCC. In addition, the Court declines to grant plaintiff's request for a declaration that the defendants violated his constitutional rights. See Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (Declaratory

Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.") (citation omitted). Finally, the PLRA would not bar a claim for nominal damages. See Williams v. Hobbs, 662 F.3d 994, 1010 (8th Cir. 2011) (nominal damages may be available "to vindicate constitutional rights whose deprivation has not caused an actual, provable injury"). Defendants argue that they are nonetheless entitled to summary judgment because plaintiff did not make a claim for nominal damages in his complaint. In addition, despite having several months in which to do so, plaintiff has chosen not to respond to defendants' summary judgment motion. The Court declines to address a claim that plaintiff has neither pleaded nor attempted to support in the face of defendants' motion.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment [Doc. # 49] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's motion for Rule 56(f) continuance [Doc. # 83] is **denied**.

A separate Judgment in accordance with this Memorandum and Order will be entered.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of December, 2019.